**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BECKLEY DIVISION**

| | | |
|---|---|---|
| **ERNIE O'DELL, JR.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 5:05-0650** |
| | ) | |
| **JO ANNE B. BARNHART,** | ) | |
| **Commissioner of Social Security,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## PROPOSED FINDINGS AND RECOMMENDATION

This is an action seeking review of the final decision of the Commissioner of Social Security denying the Claimant's application for disability insurance benefits (DIB) and Supplemental Security Income (SSI), under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401-433, 1381-1383f. This case was referred to the undersigned United States Magistrate Judge by Standing Order to consider the pleadings and evidence, and to submit Proposed Findings of Fact and Recommendation for disposition, all pursuant to 28 U.S.C. § 636(b)(1)(B). (Doc. No. 3.) Presently pending before the Court is Plaintiff's Motion for Remand (Doc. No. 9.) and the Defendant's Motion for Judgment on the Pleadings. (Doc. No. 12.)

The Plaintiff, Ernie O'Dell Jr. (hereinafter referred to as "Claimant"), filed applications for DIB and SSI on December 9, 2003 (protective filing date), alleging disability as of September 25, 2003, due to hypothyroidism, asthma, coronary artery disease, and hyperlipidemia. (Tr. at 57-60, 72, 321-24, 346-47.) The claim was denied initially and upon reconsideration. (Tr. at 31-33, 38-40, 327-29, 332-34.) On June 10, 2004, Claimant requested a hearing before an Administrative Law Judge (ALJ). (Tr. at 41.) The hearing was held on March 8, 2005, by video teleconference, before

the Honorable Charles R. Boyer. (Tr. at 339-73.) By decision dated April 21, 2005, the ALJ determined that Claimant was not entitled to benefits. (Tr. at 14-25.) The ALJ's decision became the final decision of the Commissioner on July 18, 2005, when the Appeals Council denied Claimant's request for review.  (Tr. at 5-8.) On August 12, 2005, Claimant brought the present action seeking judicial review of the administrative decision pursuant to 42 U.S.C. § 405(g). (Doc. No. 1.)

Under 42 U.S.C. § 423(d)(5), a claimant for disability has the burden of proving a disability. See Blalock v. Richardson, 483 F.2d 773, 774 (4th Cir. 1972). A disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable impairment which can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A).

The Social Security Regulations establish a "sequential evaluation" for the adjudication of disability claims.  20 C.F.R. §§ 404.1520, 416.920 (2002).  If an individual is found "not disabled" at any step, further inquiry is unnecessary. Id. §§ 404.1520(a), 416.920(a). The first inquiry under the sequence is whether a claimant is currently engaged in substantial gainful employment.  Id. §§ 404.1520(b), 416.920(b). If the claimant is not, the second inquiry is whether claimant suffers from a severe impairment. Id. §§ 404.1520(c), 416.920(c). If a severe impairment is present, the third inquiry is whether such impairment meets or equals any of the impairments listed in Appendix 1 to Subpart P of the Administrative Regulations No. 4. Id. §§ 404.1520(d), 416.920(d). If it does, the claimant is found disabled and awarded benefits. Id. If it does not, the fourth inquiry is whether the claimant's impairments prevent the performance of past relevant work. 20 C.F.R. §§ 404.1520(e), 416.920(e). By satisfying inquiry four, the claimant establishes a prima facie case of disability. Hall

2

v. Harris, 658 F.2d 260, 264 (4th Cir. 1981). The burden then shifts to the Commissioner, McLain v. Schweiker, 715 F.2d 866, 868-69 (4th Cir. 1983), and leads to the fifth and final inquiry: whether the claimant is able to perform other forms of substantial gainful activity, considering claimant's remaining physical and mental capacities and claimant's age, education and prior work experience. 20 C.F.R. §§ 404.1520(f), 416.920(f) (2002). The Commissioner must show two things: (1) that the claimant, considering claimant's age, education, work experience, skills and physical shortcomings, has the capacity to perform an alternative job, and (2) that this specific job exists in the national economy. McLamore v. Weinberger, 538 F.2d 572, 574 (4th Cir. 1976).

In this particular case, the ALJ determined that Claimant satisfied the first inquiry because he had not engaged in substantial gainful activity since the alleged onset date. (Tr. at 15.) Under the second inquiry, the ALJ found that Claimant suffered from the severe impairments of asthma superimposed on mild emphysema, hypothyroidism, and mild coronary artery disease. (Tr. at 15 and 24, Finding 3.) At the third inquiry, the ALJ concluded that Claimant's impairments did not meet or medically equal the level of severity of any listing in Appendix 1. (Tr. at 20.) The ALJ then found that Claimant had a residual functional capacity to perform "at least a wide range of work at the sedentary exertional level." (Tr. at 22 and 34, Finding 6.) As a result, Claimant could not return to his past relevant work. (Tr. at 23.) Applying Medical-Vocational Rules 201.19 and 201.20, the ALJ found that Claimant was not disabled. (Tr. at 23-24.) On this basis, benefits were denied.  (Tr. at 24-25.)

Scope of Review

The sole issue before this Court is whether the final decision of the Commissioner denying the claim is supported by substantial evidence. In Blalock v. Richardson, substantial evidence was

3

defined as:

> evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is 'substantial evidence.'

Blalock v. Richardson, 483 F.2d 773, 776 (4th Cir. 1972) (quoting Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966)). Additionally, the Commissioner, not the Court, is charged with resolving conflicts in the evidence. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Nevertheless, the Courts "must not abdicate their traditional functions; they cannot escape their duty to scrutinize the record as a whole to determine whether the conclusions reached are rational." Oppenheim v. Finch, 495 F.2d 396, 397 (4th Cir. 1974).

A careful review of the record reveals that the decision of the Commissioner is not supported by substantial evidence.

Claimant's Background

Claimant was born on August 6, 1955, and was 49 years old at the time of the administrative hearing. (Tr. at 14, 58, 321, 343.) Claimant had a ninth grade education. (Tr. at 14, 345.) In the past, he worked as a general laborer in a rock quarry, a service station attendant, and a general laborer in the coal mines. (Tr. at 14, 96-99, 346-48.)

The Medical Record

The Court has considered all evidence of record, including the medical evidence and will discuss it below as it relates to Claimant's arguments.

Claimant's Challenges to the Commissioner's Decision

Claimant asserts that the Commissioner's decision is not supported by substantial evidence because (1) the ALJ's finding that he had the residual functional capacity to perform "at least

4

sedentary work" is conclusive and does not demonstrate, pursuant to 20 C.F.R. § 404.1560, that he can perform other jobs which exists in significant numbers in the national economy and (2) Claimant's change in age constitutes a change in circumstances under the Social Security regulations that requires remand. The Commissioner asserts that the ALJ's decision is supported by substantial evidence and that Claimant's arguments are without merit.

Borderline Age Situation

Claimant argues that the ALJ erred in failing to consider whether Claimant should have been considered a person "closely approaching advanced age" (age 50-54) under the Regulations for purposes of evaluating disability. (Pl.'s Br. at 4-5.) The Commissioner asserts that Claimant's change in age nearly four months after the date of the ALJ's decision does not constitute a "borderline situation" which is limited by 20 C.F.R. §§ 404.1563(b) and 416.963(b), to "a few days to a few months. (Def.'s Br. at 11-12.)

As stated above, at step five of the sequential analysis, the Commissioner bears the burden of proving that the claimant is able to perform other forms of substantial gainful activity, considering claimant's remaining physical and mental capacities and claimant's age, education, work experience, skills, and physical shortcomings. 20 C.F.R. §§ 404.1520(f), 416.920(f) (2004). One way to meet this burden is through the use of the grids. The Regulations establish "grids" which "take administrative notice of the availability of job types in the national economy for persons having certain characteristics, namely age, education, previous work experience, and residual functional capacity." Grant v. Schweiker, 699 F.2d 189, 191-92 (4th Cir. 1983); see generally 20 C.F.R. Chapter III, Pt. 404, Subpt. P, App.2, §§ 200.00-204.00 (2004). Each grid considers the strength or "exertional" component of a claimant's disability in determining whether jobs exist that claimant

could perform in light of the vocational factors. Grant, 191-92; 20 C.F.R. Chapter III, Pt. 404, Subpt. P, App.2, §§ 200.00-204.00 (2004). In a case where the claimant has only exertional impairments, the grids may be applied and vocational expert testimony is not required. See Hays v. Sullivan, 907 F.2d 1453, 1458 (4th Cir. 1990).

In considering the claimant's age, the Regulations establish particular age categories: (1) younger person (under age 50), (2) a person closely approaching advanced age (age 50-54), and (3) a person of advanced age (age 55 or older). 20 C.F.R. §§ 404.1563(c)-(e), 416.963(c)-(e) (2004). The claimant's age at the time of the ALJ's decision governs in applying the grids. See Varley v. Secretary of Health & Human Serv., 820 F.2d 777, 780 (6th Cir. 1987). At the time of the administrative hearing in the instant case (March 8, 2005), Claimant was 49 years of age, but turned 50 on August 6, 2005, a little more than four months, or 107 days, after the ALJ's April 21, 2005, decision, and only 19 days after the Appeals Council denied his request for review. (Tr. at 5-8, 14-25, 343.) Considering Claimant a "younger person" capable of performing at least a wide range of sedentary work, the ALJ applied Rules 201.19 and 201.20 and found Claimant to be not disabled.[1] (Tr. at 23-24.) Rule 201.19 states that a younger individual, age 45-49, with a limited or less education, capable of performing sedentary work, with skilled or semiskilled past work experience and non-transferable skills, is deemed "not disabled." 20 C.F.R. Chapter III, Pt. 404, Subpt. P, App. 2, § 201.19 (2004). Rule 201.20 states that a younger individual, age 45-49, with a limited or less education, capable of performing sedentary work, with skilled or semiskilled past work experience and transferable skills, is deemed "not disabled." 20  C.F.R. Chapter III, Pt. 404, Subpt. P, App. 2,

---

[1] The ALJ noted in his decision that "transferability of skills is not an issue in this case" and applied both Rules 201.19 and 201.20 to find Claimant to be not disabled. (Tr. at 23.)

§ 201.20 (2004). These grids, however, are not strictly applied. When a borderline age situation

exists, the Regulations provide:

> We will not apply the age categories mechanically in a borderline situation. If you
> are within a few days to a few months of reaching an older age category, and using
> the older age category would result in a determination or decision that you are
> disabled, we will consider whether to use the older age category after evaluating the
> overall impact of all the factors of your case.

20 C.F.R. §§ 404.1563(b), 416.963(b) (2004).

Generally, it appears that Claimants are in a borderline situation when they are about six

months from an older age category. Crook v. Barnhart, 244 F.Supp.2d 1281, 1283-84 (N.D. Ala.

2003); Pickard v. Commissioner of Soc. Sec., 224 F.Supp.2d 1161, 1168 (W.D. Tenn. 2002); France

v. Apfel, 87 F.Supp.2d 484, 491-92 (D. Md. 2000)(five months borderline); see also Daniels v.

Apfel, 154 F.3d 1129, 1133 (10th Cir. 1998)(collecting borderline age cases); Social Security Ruling

("SSR") 82-46c, 1982 WL 31427, at *6. The Social Security Administration has developed a test

for determining whether a borderline situation exists:

> To identify borderline age situations when making disability determinations,
> adjudicators will apply a two-part test:
>
> (1) Determine whether the claimant's age is within a few days or a few months of a
> higher age category.
>
> (2) If so, determine whether using the higher age category would result in a decision
> of "disabled" instead of "not disabled."
>
> If the answer to one or both is "no," a borderline age situation either does not exist
> or would not affect the outcome. The adjudicator will then use the claimant's
> chronological age.
>
> If the answer to both is "yes," a borderline age situation exists and the adjudicator
> must decide whether it is more appropriate to use the higher age or the claimant's
> chronological age. (Use of the higher age category is not automatic.) To decide
> which age category to use, take a "sliding scale" approach. Under this approach, the
> claimant must show progressively more additional vocational adversity(ies) – to

7

support use of the higher age – as the time period between the claimant's actual age and his or her attainment of the next higher age category lengthens.

One finds additional vocational adversity(ies) if some adjudicative factor(s) is relatively more adverse when considered in terms of that factor's stated criteria, or when there is an additional element(s) which has adverse vocational implications. Examples of these additional vocational adversities are the presence of an additional impairment(s) which infringes upon – without substantially narrowing – a claimant's remaining occupational base; or the claimant may be barely literate in English, have only marginal ability to communicate in English, or have a history of work experience in an unskilled job(s) in one isolated industry or work setting. (An isolated industry would be such as fishing or forestry.) Other adverse circumstances in individual cases may justify using the higher age category.

Absent a showing of additional adversity(ies) justifying use of the higher age category, the adjudicator will use the claimant's chronological age – even when the time period is only a few days. The adjudicator need not explain his or her use of the claimant's chronological age.

Consider applying these guidelines whenever the age category changes within a few months after the alleged onset date, the date last insured (or the prescribed period), or the date of the ALJ's decision.

The Appeals Council will ordinarily deny review, assuming there is no other basis for granting review, when a borderline age situation exists, the ALJ's decision does not address the issue, and the Appeals Council does not find sufficient basis in the record for using the higher age category.

Social Security Administration's "Hearings, Appeal and Litigation Law Manual" (HALLEX), II-5-3-2.

In view of the foregoing, the undersigned finds that Claimant, who was 107 days short of the closely approaching advanced age category, fell within the borderline age situation. Although the test set forth in HALLEX does not require the ALJ to explain his use of a claimant's chronological age, the record must contain some indicia that application of the higher age category was not warranted. See Daniels, 154 F.3d at 1135 ("Failing to consider the effect of a borderline situation in turn precludes application of the grids as a basis for finding no disability, because the

Commissioner will not have shown that 'the claimant's characteristics precisely match the criteria of a particular rule.'")(internal citations omitted); Pickard, 224 F.Supp.2d at 1168. The ALJ did not consider whether a borderline age situation existed. Rather, the ALJ, noting that Claimant was a 49 year old person, a younger individual under the Regulations, found him not disabled under Rules 201.19 and 201.20. (Tr. at 23-24.) Rule 201.10 however, directs a finding of disabled for an individual closely approaching advanced age, with a limited or less education, capable of performing sedentary work, with skilled or semiskilled past work, and non-transferable skills.  20 C.F.R. Chapter III, Pt. 404, Subpt. P, App. 2, § 201.10 (2004). Presumably, had the ALJ considered Claimant an individual closely approaching advanced age under the grids, he would have found him disabled. This presumption is highlighted by the expiration of Claimant's insured status in December, 2007. (Tr. at 81.) Given the ALJ's lack of consideration to Claimant's borderline age situation and Claimant's attainment of "closely approaching advanced age" status prior to the expiration of his insured status, the undersigned finds that remand is required to address this concern. The undersigned notes that Claimant raises other objections in his Motion, but the undersigned will not address those issues at this time due to the fact that the case should be remanded on other grounds.

For the reasons set forth above, it is hereby respectfully **RECOMMENDED** that the District Court **GRANT** the Plaintiff's Motion for Remand, **DENY** the Defendant's Motion for Judgment on the Pleadings, **VACATE** the final decision of the Commissioner and **REMAND** this case for further proceedings pursuant to the fourth sentence of 42 U.S.C. § 405(g).

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston, United States District Judge.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(e) and 72(b), Federal Rules of Civil Procedure, the parties shall have ten days (filing of objections) and then three days (mailing/service) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of <u>de novo</u> review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. <u>Snyder v. Ridenour</u>, 889 F.2d 1363, 1366 (4th Cir. 1989); <u>Thomas v. Arn</u>, 474 U.S. 140, 155 (1985); <u>Wright v. Collins</u>, 766 F.2d 841, 846 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, Judge Johnston, and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to send a copy of the same to counsel of record.

Date: July 5, 2006.

R. Clarke VanDervort
United States Magistrate Judge